# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

Anthony J. Davis, Esq
Nicoll & Davis LLP
95 Route 17 South, Suite 203
Paramus, New Jersey 07652
(201) 712-1616
Attorneys for Plaintiff, N.V.E., Inc.

| | |
|---|---|
| N.V.E., INC., | ) |
| | ) |
| Plaintiff, | ) Hon. |
| | ) |
| vs. | ) |
| | ) Civil Action No.          (          ) |
| A1-NUTRITION, LARUE8181, | ) |
| MEYERS7711, BARON6075, | )          Civil Action |
| BARGAINBISON, SUPSUPZONE, | ) |
| IHEARTTONYREALI, JEFFS305, | ) **COMPLAINT AND JURY DEMAND** |
| HAILY814, BRANDNEWSALES, AND | ) |
| BEYONDHEALTH, JOHN DOES 1-20, | ) |
| JANE DOES 1-20 and ABC CORPS. 1-20, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, N.V.E., Inc. ("NVE" or "plaintiff"), by its attorneys, complaining of the defendants fictitiously identified herein, alleges as follows:

## JURISDICTION AND VENUE

1.      This is a civil action for trademark infringement, counterfeiting, false advertising, false designation of origin, unfair competition and dilution arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1127 and the common and statutory laws of the State of New Jersey.

2.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1338 and 15 U.S.C. §1121 as well as and the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## THE PARTIES

3.    Plaintiff, N.V.E., Inc ("NVE"), is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 15 Whitehall Road, Andover, New Jersey. NVE, owns, among others, the Internet domain name www.stacker2.com and operates the web site www.stacker2.com (the "NVE website").

4.    The defendants named herein are fictitiously named, as their true identities are unknown. Upon information and belief, each named defendant is a "Seller" on the Internet website named "eBay." Each defendant named herein uses a chosen eBay "Seller" pseudonym or alias. The defendants' true identities are not disclosed on Ebay.

5.    Based on information provided on its Internet website, www.ebay.com, eBay describes itself as "The World's Online Marketplace®, enabling trade on a local, national and international basis. With a diverse and passionate community of individuals and small businesses, eBay offers an online platform where millions of items are traded each day." It is through the use of the eBay online platform that each defendant is engaging in the unlawful conduct complained of herein.

6.    Upon information and belief, the following defendants are listed as the eBay "Sellers" who are offering certain products for sale to the public under the corresponding eBay "Item Number" that infringe upon plaintiff's rights as detailed below:

| | eBay Seller Name | eBay Item Number |
|---|---|---|
| a. | a1-nutrition | 260069893063 |
| b. | larue8181 | 140069834697 |
| c. | meyers7711 | 190067417785 |
| d. | baron6075 | 290076028736 |
| e. | bargainbison | 220065871280 |
| f. | meyers7711 | 190066272505 |
| g. | bargainbison | 220065872820 |
| h. | bargainbison | 220067523973 |
| i. | supsupzone | 230072649086 |
| j. | ihearttonyreali | 150076999329 |
| k. | bargainbison | 220067666128 |
| l. | a1-nutrition | 260069449050 |
| m. | jeffs305 | 160069468505 |
| n. | jeffs305 | 160069468525 |
| o. | haily814 | 230071837565 |
| p. | brandnewsales | 160069454950 |
| q. | beyondhealth | 150075776630 |
| r. | beyondhealth | 150075776609 |
| s. | beyondhealth | 150075776576 |
| t. | beyondhealth | 150075775895 |

7. Defendant, John Does 1-20, Jane Does 1-20 and ABC Corps. 1-20 are fictitious names for parties whose identities are presently unknown to plaintiff.

## PLAINTIFF'S HISTORY

8.      Since 1980, NVE has and continues to manufacture and sell nutritional and dietary supplement products directly to the public as well as to distributors and wholesalers on a nationwide basis. NVE's reputation has been and continues to be enviable both in the trade and to the general consuming public. NVE is well known to users of nutritional and dietary supplements as well as to retailers and distributors in the industry. NVE's product line includes many supplements that use unique and distinctive logos, labeling, bottling and capsule combinations.

9.      Among the products it created, manufactures and sells, NVE has continuously marketed a nutritional supplement under the inherently distinctive mark "Stacker 2" since August 14, 1996.

10.     NVE obtained a registration for the mark "STACKER 2" on the Principal Register of the United States Patent and Trademark Office, as U.S. Trademark Registration No. 2,190,936 (attached as Exhibit A is a true copy of the USPTO registration record). The Registration is valid, subsisting, and in full force and effect and is now incontestable.

11.     Since its introduction, the "STACKER 2" mark has been prominently displayed on plaintiff's products, packaging, promotional materials, advertisements and catalogues. NVE has also packaged its "STACKER 2" product with an inherently distinctive label design, clear bottle and uses a distinctive yellow capsule.

12.     NVE has also obtained a registration for the mark "STACKER 3" on the Principal Register of the United States Patent and Trademark Office, as U.S. Trademark Registration No. 2,205,679 (attached as Exhibit B is a true copy of the USPTO registration record). The Registration is valid, subsisting, and in full force and effect.

13.     NVE has continuously used the trademark "STACKER 3" in connection with a nutritional supplement product since September of 1997. Since its introduction more than ten years ago, the "STACKER 3" mark has been prominently displayed on plaintiff's products, packaging, promotional materials, advertisements and catalogues. NVE has also packaged its "STACKER 3" product with an inherently distinctive label design, clear bottle and uses a distinctive capsule.

14.     NVE's marks have been extensively promoted by NVE to its customers through various forms of media on a nationwide basis including television, radio, print as well as the Internet which is done primarily through the NVE website.

15.     As a result of the unique and inherently distinctive nature of the "STACKER 2" and "STACKER 3" marks, the packaging, the labeling and the extensive nationwide display, sales, promotion and use by NVE, the marks have become associated with NVE in the minds of the trade and the consuming public.

16.     The "STACKER 2" and "STACKER 3" marks distinguish NVE as the source of these products.

### DEFENDANTS' INFRINGING ACTIVITIES

17.     Beginning after NVE's products entered the market, and with full knowledge of NVE's products and marks, defendants began misusing NVE's trademarks in various ways and selling counterfeit products all to the detriment and injury of NVE.

18.     On the Internet and specifically through the eBay online platform, defendants market and sell on a worldwide basis dietary and nutritional supplements in direct competition with NVE.

19.     eBay is part of the Internet, which is a worldwide network of computers through which businesses and individuals can send nearly-instantaneous communications and other information of various kinds.

20.    As the number of sites on the World Wide Web has grown, several commercial auction sites such as Ebay were created and have proliferated to assist people in the sale and purchase of products of all variety.  eBay is similar to an Internet search engine such as www.msn.com, www.google.com, and www.yahoo.com.  However, when a user searches eBay they are only searching the items listed for sale on eBay by its registered "Sellers" such as defendants. Someone looking for a particular product like plaintiff's "Stacker 2" supplement, would simply access the eBay site and input the word or phrase to be searched, such as "Stacker 2" and the eBay search engine then returns a list of "Sellers" who are selling products which meet the search criteria.

21.    By virtue of its federal registrations, the extensive nature of the use and the substantial sums spent to promote plaintiff's trademarks as aforesaid, plaintiff's marks have acquired strong secondary meaning in the minds of the public, and uniquely identify plaintiff with its products.

22.    Recently, NVE ran various searches of its "Stacker 2" trademark on eBay.  eBay's search engine returned a list of items for sale that directed the user to various eBay "Sellers" where NVE's "Stacker 2" product was supposed to be sold.  In each case, each defendant was listed as an eBay "Seller" and was selling a counterfeit or look-a-like product or was in some way misusing plaintiff's "Stacker 2" trademark.

23.    The unlawful and infringing products that are being sold are one of two kinds.  Instead of offering for sale NVE's current ephedra free "Stacker 2" product, the defendants offer for sale counterfeit "Stacker 2" products that allegedly contain the banned substance ephedra.  The counterfeit "Stacker 2" products offered for sale by defendants are not manufactured or authorized in anyway by NVE.  Defendants label these products as "original" Stacker 2 products falsely implying they are made by or sponsored by NVE and contain ephedra which was banned by the Food and Drug Administration in 2004.

24.    Alternatively, the infringing products are "look-a-like" or "knock off" products that use the "Stacker 2" trademark without authorization either in their eBay listing or the product itself.

25. Based on the eBay listings, defendants are engaged in the promotion, advertising, importation, distribution, offering for sale and/or sale of look-a-like products bearing counterfeits and/or infringements of NVE's trademarks.

26. Upon information and belief, long after NVE's adoption and use of its trademarks, long after NVE registered its trademark "Stacker 2", and long after the NVE trademarks had become famous, defendants commenced the promotion, advertising, importation, distribution, offering for sale and/or sale in commerce of merchandise bearing counterfeits and/or infringements of the NVE trademarks as those marks appear on look-a-like nutritional supplement products sold through eBay.

27. Notwithstanding plaintiff's well-known and prior use of, and prior statutory and common-law rights in the marks "Stacker 2," defendants, without the consent of plaintiff, have adopted, used and caused to be used in interstate commerce, and continues to use and cause to be used, the mark in connection with identifying the source of the products on eBay and to sell counterfeit products.

28. Upon information and belief, defendants undertake their infringing activities for profit, as a business venture.

29. Defendants are not now and have never been authorized by NVE, and are not now and have never been entitled to use NVE's trademarks in connection with any business.

30. Defendants' use of NVE's trademarks in conjunction with their eBay businesses is likely to cause confusion, mistake or deception. In particular, consumers are likely to believe that the products offered by defendants' on eBay are authorized, sponsored or otherwise approved by NVE when in fact they are not. Such confusion is likely to occur within the State of New Jersey.

31. NVE has been and continues to be injured by defendants' unlawful acts.

32. Upon information and belief, defendant has performed the acts complained of herein willfully and with knowledge of the infringement that it would cause, and with intent to cause, confusion, mistake or deception, and to appropriate and unfairly trade upon NVE's goodwill of NVE's trademarks.

33.    As a proximate result of the acts of defendants as alleged herein, NVE has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits.

34.    Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless defendants are preliminarily and permanently enjoined by this Court.

35.    NVE is suffering immediate and irreparable injury, loss and damage as a result thereof.

36.    As shown herein, in connection with their goods or any container for goods, defendants are using in commerce and, unless restrained will continue to use in commerce, a word, term, name, or symbol which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of defendants with NVE or as to the origin, sponsorship or approval of the "Stacker 2" energy supplement owned by NVE.

## COUNT I

## FEDERALLY TRADEMARK INFRINGEMENT AND COUNTERFEITING

37.    NVE repeats and realleges each and every allegation contained in paragraphs 1 through 36 of this Complaint as if fully set forth again herein.

38.    This cause of action arises under Section 32 of the Trademark Act of 1946 as amended, 15 U.S.C. § 1114, for infringement of federally registered trademarks as set forth above.

39.    By reason of the foregoing acts, defendants have willfully and maliciously infringed NVE's federally registered trademarks without authorization, causing injury the full extent of which cannot be determined.

40.    Plaintiff further alleges that activities of defendants as set forth above constitutes willful and intentional use of counterfeits and infringements of NVE's federally registered trademarks in contravention of NVE's rights.

41.    As a proximate result of the acts of defendants as alleged herein, NVE has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits.

42.    Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless defendants are preliminarily and permanently enjoined by this Court

43.     Defendants are not connected with NVE and have no authority from NVE to use any of NVE's trademarks

## COUNT II
### FALSE DESIGNATION OF ORIGIN OF PRODUCTS, DILUTION,
FALSE ADVERTISING AND FALSE DESCRIPTION AND REPRESENTATION

44.     NVE repeats and realleges each and every allegation contained in Paragraphs 1 through 43 of this Complaint as if fully set forth again herein.

45.     This cause of action arises under Section 43(a) of the Trademark Act of 1946 as amended (15 U.S.C. § 1125(a)) for false designation of the origin of products and false description and representation, false advertising as well as dilution of the marks (15 U.S.C. § 1125(c)).

46.     By reason of the foregoing acts, defendants have falsely designated the origin of the products they are marketing and have otherwise made false descriptions and representations about such products.  Defendants' activities are likely to create confusion among the purchasing public, are likely to deceive purchasers concerning the source or sponsorship of such products, and will otherwise mislead purchasers as to the origin of the products sold by or on behalf of defendants.

47.     Defendants' misleading use of NVE's trademarks constitutes false advertising, false designation of origin, and false representation in and affecting interstate commerce.

### COUNT III

### COMMON LAW OF UNFAIR COMPETITION

48.     NVE repeats and realleges each and every allegation contained in Paragraphs 1 through 47 of this Complaint as if fully set forth again herein.

49.     This cause of action arises under the common law of unfair competition.

50.     Defendants, by reason of the foregoing acts, have traded upon and appropriated the reputation and valuable good will of NVE and have acted to create the likelihood of confusion and mistake on the part of the purchasing public as to the source of plaintiff's products.  In general, defendants' acts are likely to lead the public some way sponsored by, or associated with, NVE, and/or create the impression that defendants' and plaintiff's products are distributed under the same corporate aegis and authority.  Defendants' activities constitute unfair competition and a misappropriation and infringement of NVE's common law trademark rights.

## COUNT IV

### TRADEMARK DILUTION AND
### INJURY TO BUSINESS REPUTATION

51.     NVE repeats and realleges each and every allegation contained in Paragraphs 1 through 50 of this Complaint as if fully set forth again herein.

52.     This cause of action arises under the laws of the State of New Jersey.

53.     Defendant, by reason of the foregoing acts, has injured NVE's business reputation and diluted the distinctive quality of its marks under the common and statutory laws of the State of New Jersey.

COUNT V

## TRAFFICKING IN COUNTERFEIT MARKS
### UNDER N.J.S.A. 56:3-13.16 et seq.

54.  NVE repeats and realleges each and every allegation contained in Paragraphs 1 through 53 of this Complaint as if fully set forth again herein.

55.  This count arises under N.J.S.A. 56:3-13.16, a statute of the State of New Jersey.

56.  Defendants, by reason of the foregoing wrongful acts, knowingly trafficked in counterfeit marks in the conduct of their business, which acts and practices have injured NVE within the meaning, and in violation of the statutes of the State of New Jersey.

COUNT VI

## UNFAIR COMPETITION
### UNDER N.J.S.A. 56:4-1

57.  NVE repeats and realleges each and every allegation contained in Paragraphs 1 through 56 of this Complaint as if fully set forth again herein.

58.  This count arises under N.J.S.A. 56:4-1, a statute of the State of New Jersey.

59.  Defendants, by reason of the foregoing wrongful acts, engaged in unfair methods of competition and unfair and deceptive acts and practices in the conduct of their trade, which acts and practices have injured NVE within the meaning, and in violation of the statutes of the State of New Jersey.

### **ALLEGATION OF DAMAGE**

NVE has suffered, is suffering and will continue to suffer irreparable harm and damage as a result of Defendants' aforesaid activities. Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to NVE's irreparable damage. NVE's remedy at law is not adequate to compensate it for the injuries suffered and threatened. By reason of Defendants' acts complained of herein, NVE has suffered monetary damages in an

amount not yet determined.

**WHEREFORE**, NVE demands: That defendants, their agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert, participation and combination with them, be enjoined and restrained during the pendency of this action, and permanently thereafter, from:

1. (a) using NVE's "STACKER 2" trademarks or any colorable imitation thereof on or in connection with products not originating with NVE; (b) advertising, distributing, offering for sale or selling any goods or services related to the nutritional and diet industry using NVE's mark "STACKER 2" or any variations thereof; (c) using, in connection with the advertising, offering for sale or sale of any products, any false designation, description or representation stating or implying that NVE is the origin of, or connected with any of the products offered for sale by defendants; (d) passing off or inducing or enabling others to sell or pass-off products, not originating from or sponsored by NVE, as and for the products of NVE; (e) otherwise infringing upon NVE's trademarks or competing unfairly with NVE, injuring its business reputation, or diluting the distinctive quality of its trademarks, or trafficking in counterfeit NVE marks.

2. That Defendants be ordered to deliver up for destruction all infringing products and materials bearing NVE's trademarks or any colorable imitation thereof, including, but not limited to, nutritional and dietary supplements, labels, promotional literature, catalogues, business cards, letterheads, packaging, advertisements, price lists and like materials, as set forth in Section 36 of the Trademark Act of 1946 as amended (15 U.S.C. § 1118), or in N.J.S.A. 56:3-13.16.

3. That Defendants place advertisements, as directed by this Court, indicating that the products previously provided by them in violation of NVE's rights were not in any way connected with NVE and that NVE's marks were improperly used in connection therewith.

4. That Defendants, their agents, servants, employees, attorneys, and related

companies and all persons acting for, with, by, through or under them, and its Internet service providers and eBay with notice of the Court's Order by personal service, electronic mail, or otherwise, and each of them, be temporarily, preliminarily and thereafter permanently enjoined and restrained from:

(a) using in any manner NVE's "STACKER 2" trademarks, and any other term or terms likely to cause confusion therewith as Defendants' domain name, directory, or other such computer address, as the name of their Web site, in buried code words or meta tags, on their home page, on computer diskettes or in connection with the retrieval of data or information or on other goods or services, or in connection with the advertising or promotion of their goods, services, or Web site or services; (b) disseminating, using or distributing any Web site pages, advertising or Internet code words or titles, or any other promotional materials whose appearance so resembles NVE's marks so as to create a likelihood of confusion, mistake or deception;

5. That defendants, their agents, servants, employees, attorneys, and related companies and all persons acting for, with, by, through or under them, and its Internet service providers and eBay with notice of the Court's Order by personal service, electronic mail, or otherwise, and each of them, be temporarily, preliminarily and thereafter permanently enjoined and be restrained from diluting the distinctive quality of the NVE's "STACKER 2" trademark;

6. That Defendants be directed to delete from their computer files, menus, hard drives, servers, diskettes and backups, NVE's "STACKER 2" trademarks and any copy, simulation, variation or colorable imitations thereof;

7. That within 24 hours of entry of an Order of the Court, Defendants delete such references to NVE's "STACKER 2" trademarks used in any manner in hidden code or text or web site material on eBay or anywhere on the world wide web;

8. That defendants be ordered to notify in writing and direct to all publishers of directories or lists, including eBay and other internet search engines, in which

defendants' use of NVE's "STACKER 2" trademark appear, to delete all references to these names as they relate to defendants from their private or public databases, search engine directories, directory assistance and from all future directories in which said name is to appear, and to delete all forwarding or "cache memory" or storage mechanisms referencing such trademarks as they relate to defendants;

9.  That defendants shall immediately notify in writing and direct all publications including Internet websites including but not limited to eBay and search engines in which any advertisements or other references to defendants' business using NVE's "STACKER 2" mark are scheduled to appear, including key word, sponsored links or banner ads, to cancel all eBay accounts, advertisements and references using NVE's "STACKER 2" trademark;

10.  That defendants file with the Court and serve upon plaintiff's counsel within thirty (30) days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the requirements of the Injunction and Order;

11.  That defendants be required to account for and pay over to NVE all damages sustained by NVE, the amount of which cannot be calculated at this time;

12.  That defendants be required to pay to NVE all statutory damages in an amount to be determined for their use of counterfeits of NVE's registered trademarks under 15 U.S.C. § 1117(c);

13.  That defendants be required to account for and pay over to NVE all profits realized by defendants by reason of their unlawful acts alleged herein, and that such amounts be trebled, as provided by law;

14.  That defendants be required to pay NVE punitive damages as may be permitted by law or in the discretion of the Court;

15.  That defendants be required to post any Order of the Court on any website owned or operated by defendants and give notice thereof to all their correspondents, customers,

members and subscribers;

16.     That NVE have such other and further relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any goods or services provided by or promoted by defendants is authorized by NVE or related in any way to NVE or its products; and

17      That NVE be awarded the costs and disbursements of this action, together with all reasonable attorneys' fees and lawful interest; and

18      Awarding plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests trial by jury on all issues so triable.

Nicoll & Davis LLP
Attorneys for Plaintiff, N.V.E., Inc.

ANTHONY J. DAVIS

Dated: January 2, 2007

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

This matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Nicoll & Davis LLP
Attorneys for Plaintiff, N.V.E., Inc.

ANTHONY L. DAVIS

Dated: January 2, 2007